UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:11-cv-18-RJC

| | |
|---|---|
| CONNIE BARNES, | ) |
| Plaintiff, | ) |
| v. | ) |
| (FNU) PHILIPS, Correctional Officer, Alexander Correctional Institution;[1] | ) ORDER |
| (FNU) McCALL, Correctional Officer, ACI; | ) |
| (FNU) QUEEN, Correctional Officer, ACI; | ) |
| (FNU) LONG, Correctional Officer, ACI; and | ) |
| (FNU) COOK, Correctional Officer, ACI. | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court upon an initial review of Plaintiff's civil rights Complaint brought pursuant to 42 U.S.C. § 1983. (Doc. No. 1).

**I.     STANDARD OF REVIEW**

A case filed under 42 U.S.C. § 1983 requires a deprivation of a right secured by federal law by a person acting under color of state law. Section 1983 applies to violations of federal constitutional rights, as well as certain limited federal statutory rights. See Maine v. Thibotout, 448 U.S. 1 (1980); see also Gonzaga University v. Doe, 536 U.S. 273, 283 (2002) (holding that a right must be "unambiguously conferred" by a statute to support a Section 1983 claim). A pro se complaint in a proceeding in forma pauperis must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, Title 28 U.S.C. § 1915A directs the Court to conduct an initial review of civil actions by prisoners seeking relief from a governmental entity or employee and identify

---

[1] Alexander Correctional Institution will hereinafter be referred to as "ACI."

cognizable claims or dismiss the complaint, or parts thereof. The Court's initial review reflects that Plaintiff's Complaint must be dismissed for his failure to exhaust his administrative remedies.

## II. FACTUAL BACKGROUND

Plaintiff reports that he is a sixty-four year old inmate in the custody of ACI. (Doc. No. 1 at 3). Plaintiff complains that the Defendants, along with Officers Walker, Murray, Ziegler, Bullock, and Walcott, have violated the "rules and policies of N.C. Institution[s]" in that they have provoked Plaintiff, for no reason, by: (1) "calling [him] out of [his] name . . ."; (2) making threats against his life; (3) talking to other inmates about him; and (4) telling inmates lies about him. (Id. at 3). As relief, Plaintiff asks the Court to help him secure a transfer from ACI because he does not feel safe there and no one there has attempted to help him. (Id. at 4).

## III. DISCUSSION

The Prison Litigation Reform Act of 1995 mandates that "no action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). In Porter v. Nussle, 534 U.S. 516, 532 (2002), the Supreme Court held that the PLRA's exhaustion requirement "applies to all inmate suits about prison life . . . ."

In Woodford v. Ngo, 548 U.S. 81 (2006), the Supreme Court stated that "[p]risoners must exhaust all 'available' remedies, not just those that meet federal standards." Id. at 85. The Woodford Court further explained that proper exhaustion of administrative remedies "means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits.)" Id. at 90 (internal quotation marks and citation omitted). Thus, exhaustion is mandatory, and unexhausted claims cannot be brought in federal court. Jones v. Bock, 549 U.S. 199, 211 (2007).

Consequently, a prisoner does not comply with the mandatory requirements of 42 U.S.C. § 1997e(a) by exhausting his remedies during the course of litigation; exhaustion must occur prior to the filing of the lawsuit or the case must be dismissed. See Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008) (The PLRA requires that "prisoners . . . exhaust such administrative remedies as are available prior to filing suit in federal court."); and Green v. Rubenstein, 644 F.Supp.2d 723, 743 (S.D. W.Va. 2009) ("The plain language of the statute [] makes exhaustion a precondition to filing an action in federal Court . . . The prisoner, therefore, may not exhaust administrative remedies during the pendency of the federal suit.") (quoting Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999)). North Carolina prisoners can satisfy the exhaustion requirement by completing all three of the steps of the inmate grievance process, which culminates in the rendering of a decision upon the prisoner's appeal by the North Carolina Inmate Grievance Resolution Board. See North Carolina Department of Corrections, Division of Prisons' Administrative Remedy Procedure, Policy .0310 (explaining three-step grievance procedure).

A prisoner's failure to exhaust his administrative remedies is an affirmative defense; therefore, the prisoner does not have to specially plead or demonstrate exhaustion in his complaint. Jones, 549 U.S. at 211-12. Nevertheless, a court may dismiss a prisoner's § 1983 action on initial review when it is apparent from the face of the complaint that the prisoner has not exhausted administrative remedies. See Anderson v. XYZ Correctional Health Services, 407 F.3d 674, 678-83 (4th Cir. 2005) ("The district court's authority to sua sponte dismiss an in forma pauperis case as frivolous [is] broad enough to permit the court to dismiss a complaint on the basis of an affirmative defense that is apparent from the facts alleged in the complaint."). Thus, while Jones prevents this Court from heightening the pleading standard to require that exhaustion be specially pled or demonstrated in the Complaint, the Fourth Circuit has reaffirmed that Anderson gives the Court

permission to take notice of evidence in the Complaint which establishes that exhaustion is lacking. Moore, 517 F.3d at 725.

Here, Plaintiff admits that he did not go beyond the first step of the grievance process; and that although he began the second step of the process on February 8, 2011, as of February 22, 2011, the date on which he signed and submitted his Complaint for filing in this Court, he had not received a response from authorities. (Id. at 2). Such information indicates that Plaintiff has not exhausted his administrative remedies. Moreover, the Court entered an Order on March 14, 2011, which directed Plaintiff to file a sworn statement, subject to the penalty of perjury, showing that he has exhausted his remedies; however, Plaintiff has failed to comply with that directive. (Doc. No. 2). Rather, on March 29, 2011, Plaintiff filed a letter in which he merely reiterates his allegations concerning Defendants' conduct. (Doc. No. 5). Plaintiff's letter makes no mention of his exhaustion of his administrative remedies.

On this record, it is apparent that Plaintiff failed to exhaust his administrative remedies before filing the instant action. Therefore, Plaintiff's Complaint must be dismissed without prejudice.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Plaintiff's Complaint is **DISMISSED without prejudice** for failure to exhaust his administrative remedies.

Signed: April 19, 2011

Robert J. Conrad, Jr.
Chief United States District Judge